**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

FLOWER ORTHOPEDICS CORPORATION,

Plaintiff,

v.

STEWARD HH, INC., d/b/a HIALEAH
HOSPITAL

Defendant.

Case No. 2:23-cv-04753

**COMPLAINT**

Plaintiff, Flower Orthopedics Corporation ("Flower"), by and through its undersigned counsel, and for its Complaint against Steward HH, Inc., d/b/a Hialeah Hospital ("Steward"), states as follows:

**PARTIES AND JURISDICTION**

1.      Plaintiff Flower is a corporation organized and existing under the laws of the State of Pennsylvania with a principal place of business located in Horsham, Pennsylvania.  Flower develops and sells products with a wide range of foot and ankle care applications.

2.      Defendant Steward is a corporation organized and existing under the laws of the State of Florida with its principal place of business located in Dallas, Texas. Steward owns and operates Hialeah Hospital in Hialeah, Florida.

3.      This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity between Flower and Steward, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

4.      Steward has consented to the jurisdiction of the State of Pennsylvania pursuant to 42 Pa. Consol. Stat. Ann. § 5322 because it entered into a contractual relationship with Flower to

4879-4235-3804.2

purchase goods from Flower in Pennsylvania and has transacted business with Flower in Pennsylvania.  This dispute arises from those dealings.

5.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTUAL BACKGROUND

6.    Steward owns and operates Hialeah Hospital in Hialeah, Florida.

7.    Steward ordered product manufactured and sold by Flower (the "Goods") between April and October of 2023 for use in its business by issuing purchase orders to Flower.

8.    Steward agreed to pay certain prices in exchange for Flower's provision of the Goods (the "Agreement").

9.    The Goods were delivered to Hialeah Hospital and were utilized by Steward in the course of its business.

10.    Flower sent invoices to Steward for the agreed amounts owed for the Goods delivered to Hialeah Hospital. The invoices were received by Steward, and Steward did not object to the invoices.

11.    Despite Flower's provision of the Goods, Steward has failed and refused to pay Invoice Nos. IN00036814, IN00036913, IN00036914, IN00036997, IN00037077, IN00037127, IN00037192, IN00037201, IN00037202, IN00037228, IN00037311, IN00037408, IN00037462, IN00037489, IN00037522, IN00037528, IN00037595, IN00037609, IN00037635, IN00037769, IN00037770, IN00037970, IN00037972, and IN00037993 (the "Invoices"). True and correct copies of the Invoices are attached hereto as **Group Exhibit A**.

12.    As of the date of this Complaint, Steward owes Flower at least $129,263.50 (the "Past Due Balance") for unpaid Invoices.  A statement of account reflecting the Past Due Balance is attached hereto as **Exhibit B**.

4879-4235-3804.2

13.    Flower has made demand upon Steward for payment of the Past Due Balance, but Steward has failed to pay the full amount owed.

## COUNT I
## (Breach of Contract)

14.    Flower repeats, realleges, and incorporates by reference the allegations in paragraphs 1-13 of this Complaint.

15.    Flower and Steward entered into a valid and enforceable Agreement for the sale of the Goods.

16.    Flower performed all of its obligations under the Agreement.

17.    Steward has breached its obligations under the Agreement by failing to make all payments to Flower required by the Agreement, including payment in full of the Invoices.

18.    Due to Steward's breach, Flower has suffered damages in an amount of at least $129,263.50, plus interest.

**WHEREFORE**, Plaintiff Flower Orthopedics Corporation respectfully requests that this Court enter a judgment in favor of Plaintiff and against Defendant in an amount of at least $129,263.50, representing the Past Due Balance, plus interest; and grant such other and further relief as this Court deems fair and equitable.

## COUNT II
## (Quantum Meruit – in the alternative)

19.    Flower repeats, realleges, and incorporates by reference the allegations in paragraphs 1-3, 5-7 and 9-13 of this Complaint.

20.    From April through October 2023, Flower conferred benefits on Steward in the form of Goods that were received by Steward.

21.    Flower's provision of the Goods was not performed gratuitously. Steward understood that Flower expected payment for the Goods provided.

3

22.     Steward appreciated the benefit of the Goods and utilized the Goods in the course of its business.

23.     Steward accepted and retained the benefit of the Goods under such circumstances that it would be inequitable for Steward to retain such benefit without payment of value.

24.     If it is determined there was no Agreement, then no contract existed governing payment terms for the Goods Flower provided to Steward.

25.     Steward failed to pay Flower for the Goods provided to Steward.

26.     As a result of Steward's failure to remit payment, Steward is liable to Flower for the value of the Goods Flower provided, in an amount of at least $129,263.50.

**WHEREFORE**, Plaintiff Flower Orthopedics Corporation respectfully requests that this Court enter a judgment in favor of Plaintiff and against Defendant in an amount of at least $129,263.50, representing the value of the Goods provided to Defendant, plus interest; and grant such other and further relief as this Court deems fair and equitable.

## COUNT III
### (Unjust Enrichment – in the alternative)

27.     Flower repeats, realleges, and incorporates by reference the allegations in paragraphs 1-3, 5-7 and 9-13 of this Complaint.

28.     From April through October 2023, Flower conferred benefits on Steward in the form of Goods that were received by Steward.

29.     Steward retained the Goods Flower provided despite the fact that Steward did not pay the Invoices.

30.     Steward appreciated the benefit of the Goods and utilized the Goods in the course of its business.

4879-4235-3804.2

31.     Steward accepted and retained the benefit of the Goods under such circumstances that it would be inequitable for Steward to retain such benefit without payment of value.

32.     Steward's retention of the benefit of the Goods without payment violates the fundamental principles of justice, equity and good conscience.

33.     If it is determined there was no Agreement, then no contract existed governing payment for the Goods Flower provided to Steward.

34.     As a result of Steward's failure to remit payment, Steward is liable to Flower for the value of the benefit retained by Steward, in the amount of at least $129,263.50, plus interest.

**WHEREFORE**, Plaintiff Flower Orthopedics Corporation respectfully requests that this Court enter a judgment in favor of Plaintiff and against Defendant in an amount of at least $129,263.50, representing the value of the benefit retained by Steward, plus interest; and grant such other and further relief as this Court deems fair and equitable.

Dated: December 1, 2023                              Respectfully submitted,

By:     /s/ *Lesley M. Grossberg*
Lesley M. Grossberg
PA Bar No. 208608
**ICE MILLER LLP**
1735 Market St., Suite 3900
Philadelphia, PA 19103
(215) 982-5169
lesley.grossberg@icemiller.com

Nicholas A. Casto  (of counsel)
(*pro hac vice* forthcoming)
**ICE MILLER LLP**
200 West Madison, Suite 3500
Chicago, Illinois 60606
(312) 726-1567
nicholas.casto@icemiller.com

*Attorneys for Plaintiff Flower Orthopedics Corporation*

5